```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
JEANNETTE CASTELLANOS,                        :
                                              :    OPINION AND ORDER
                Plaintiff,
                                              :
        -v.-                                       12 Civ. 2775 (GWG)
                                              :

TARGET DEPARTMENT STORES, INC.,               :

                Defendant.                    :
---------------------------------------------------------------X
```

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

Plaintiff Jeannette Castellanos brings this action against defendant Target Department Stores, Inc. ("Target") alleging that defendant's negligence caused her to fall and injure herself. Target now moves for summary judgment and dismissal of the complaint pursuant to Rule 56 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). For the following reasons, Target's motion for summary judgment is granted.

I.   BACKGROUND

   A.   Procedural History

Castellanos commenced an action in the Supreme Court of New York, Bronx County, by filing a verified complaint dated October 29, 2011. See Complaint, dated Oct. 29, 2011 (annexed to Notice of Removal, filed Apr. 10, 2012 (Docket # 1) ("Removal")) ("Compl."). Target answered and filed a Notice of Removal based on diversity jurisdiction on April 10, 2012. See Removal. The parties consented to having this matter decided by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). On April 3, 2013, Target made the instant motion for

summary judgment.[1]

    B.    Facts

The following facts are undisputed unless otherwise stated.

On October 1, 2011, Castellanos entered a Target store located at 40 West 225th Street in the Bronx, New York. Plaintiff's Affidavit, dated Apr. 23, 2013 (annexed as Ex. 1 to Markovits Decl.) ("Castellanos Aff."), at 1. She arrived at the store accompanied by her fiancé, Gustavo Lopez. Pl. 56.1 Stat. ¶ 2; Deposition of Gustavo Lopez, dated Aug. 7, 2012 (annexed as Ex. F to Crowley Decl.) ("Lopez Dep."), at 7:21–8:3. She was wearing dark pants, a light colored shirt, and shoes with wedge heels that were approximately two inches high. Deposition of Jeannette Castellanos, dated Aug. 7, 2012 (annexed as Ex. E to Crowley Decl.) ("Castellanos Dep."), at 35:21–36:3.

After entering the store, Castellanos and Lopez were proceeding directly to the pharmacy. Id. at 35:15–20; Lopez Dep. at 8:4–6. Castellanos was walking to the left of Lopez,

---

[1] See Notice of Motion By Target Corporation for Summary Judgment, filed Apr. 3, 2013 (Docket # 18); Target Corporation's Memorandum of Law in Support of Its Motion for Summary Judgment, filed Apr. 3, 2013 (Docket # 19) ("Def. Mem."); Declaration of Michael J. Crowley, Esq., filed Apr. 3, 2013 (Docket # 20) ("Crowley Decl."); Target's Statement of Undisputed Facts Pursuant to Local Rule 56.1, filed Apr. 12, 2013 (Docket # 22); Plaintiff's Memorandum of Law in Opposition to Defendant Target's Motion for Summary Judgment, filed Apr. 29, 2013 (Docket # 23) ("Pl. Mem."); Plaintiff's Opposition to Defendant's Statement of Material Facts Pursuant to Local Rule 56.1, filed Apr. 30, 2013 (Docket # 35) ("Pl. 56.1 Stat."); Declaration of Thomas P. Markovits, Esq., filed Apr. 30, 2013 (Docket # 36) ("Markovits Decl."); Target Corporation's Reply Memorandum of Law in Support of Its Motion for Summary Judgment, filed May 16, 2013 (Docket # 37) ("Reply").

In its Reply, Target raised for the first time the argument that the alleged hazardous condition was not visible and apparent. See Reply at 3–4. At the Court's request, see Order, filed June 17, 2013 (Docket # 38), Castellanos submitted a letter addressing this question, see Letter from Thomas P. Markovits, dated June 27, 2013 (Docket # 41) ("June 27 Letter"). Target responded to Castellanos's letter. See Letter from Michael J. Crowley, dated July 1, 2013 (Docket # 40).

Castellanos Dep. at 38:9–11; Lopez Dep. at 10:5–6, and was looking forward, Castellanos Dep. at 38:6–8; Castellanos Aff. at 1.  As they passed the jewelry counter, they parted and Castellanos "stood [to the] left to walk around some people" as "[t]here was a crowd" and "people were standing in the way." Castellanos Dep. at 38:14–17.  Right after she moved to the left, she slipped and fell on the floor. Id. at 38:18–19.

   Castellanos alleges that she tripped on an 8-½ by 11 inch hard plastic display sign that was on the floor, which was normally used by Target on clothing racks to display information about sales.  Id. at 39:17–40:7; Castellanos Aff. at 1.  She did not see the display sign before she fell, but saw it immediately after falling.  See Castellanos Dep. at 41:3–4; Castellanos Aff. at 1.  According to Castellanos, the plastic display was "somewhere between see-through and white" in color, Castellanos Dep. at 40:24–41:2, and it had no signage within it, id. at 43:21–23.  Castellanos described the floor as "light colored." Id. at 37:10–15.  Immediately before falling, she observed a store manager fixing a display ahead of her and to the left. Id. at 41:9–22.  After she fell, the manager and other employees came to assist her.  Castellanos Aff. at 2.  She informed the manager that she fell on a plastic sign.  Id.  The manager then ordered another employee to remove the sign.  Id.; Castellanos Dep. at 41:3–7.  The employee picked up the sign off the floor and took it away.  Castellanos Dep. at 41:7–8; Castellanos Aff. at 2; see also Lopez Dep. at 15:10–16:12 (stating that employees removed "pieces" of plastic from floor).  After the incident, the manager stated to Lopez that the store was busy and that another customer had fallen in a different part of the store earlier in the day.  Lopez Dep. at 18:7–16.

   A surveillance video dated October 1, 2011 depicts the area in question.  See Video of the Incident, dated Oct. 1, 2011 (annexed as Ex. G to Crowley Decl.) ("Video").  Starting at 3:40 p.m., the video shows dozens of people — many who were pushing shopping carts — walking

3

through the area. Id.; Pl. 56.1 Stat. ¶¶ 4, 6. The video shows some individuals walking or running over the precise area where plaintiff fell. See, e.g., Video at 3:55:55 p.m., 3:58:32 p.m., 4:00:04 p.m., 4:02:10 p.m., 4:03:59 p.m. It also shows Target employees — who wore red shirts and khaki pants, Pl. 56.1 Stat. ¶ 12 — standing in the area at 3:49:04 p.m., 3:55:51 p.m., 4:00:14 p.m., and 4:04:07 p.m. See Video. In the 25 minutes prior to the incident, no person that walked through the area fell on the floor. Pl. 56.1 Stat. ¶ 7. Nor did any of them seem to have their movements impeded by anything on the floor. See Video. At 4:04:20 p.m., a person wearing dark pants, a light shirt, and black shoes – indisputably the plaintiff – walked across the top of the video picture from the right to the left. See id. at 4:04:20 p.m. At 4:04:27 p.m., the video shows plaintiff slipping and falling on the floor while walking past a clothing rack located near a jewelry counter. Id. at 4:04:27 p.m.; Pl. 56.1 Stat. ¶¶ 1, 5.

      Following the incident, Jeremy Hernandez, who was employed as an Executive Team Leader for Guest Experience ("ETL") at the store, spoke with Castellanos. See Deposition of Jeremy Hernandez, dated Sept. 19, 2012 (annexed as Ex. 4 to Markovits Decl.) ("Hernandez Dep."), at 5:14–16, 59:16–19. Hernandez completed a Guest Incident Report and an Investigation Report, see Guest Incident Report, dated Oct. 1, 2011 (annexed as Ex. D to Crowley Decl.) ("Incident Report"); LOD Investigation Report, dated Oct. 14, 2011 (annexed as Ex. I to Crowley Decl.) ("Investigation Report"). The Incident Report noted that Castellanos reported tripping on plastic on the floor. See Incident Report. In the Investigation Report, Hernandez stated that the floor was clean and dry at the time of the incident and that he could not determine the source or substance of the condition that caused the fall. See Investigation Report. Hernandez testified that as an ETL, he supervised Brand Attendants, who were responsible for sweeping and cleaning the floor. Hernandez Dep. at 11:14–12:4, 14:23–15:2. The Brand

Attendants' duties included continuously inspecting the floor for hazardous conditions.  Id. at 15:24–16:3, 28:12–19.

Hernandez testified that Target had a practice of placing display signs on clothing racks.  Id. at 41:13–20.  The displays were 7 by 11 inch pieces of plastic which attached to the top of the middle part of the clothing rack.  Id. at 41:21–43:6.  Paper signage could be placed into the plastic display.  Id. at 43:20–44:25.  Castellanos, who had shopped for clothing at the store in question on numerous occasions, stated that in her past visits "each and every clothing rack fixture inside the store had an 8 ½ by 11 inch plastic display sign placed on it."  Castellanos Aff. at 2.  She further claimed that on the date of her injury "[t]he clothing rack near the jewelry counter in the area of [the] accident did not have any plastic display sign on it."  Id. at 3.  In the surveillance video, the part of the clothing rack that is visible does not appear to have a display sign on it.  Pl. 56.1 Stat. ¶ 8; Video.

II.     LAW GOVERNING MOTIONS FOR SUMMARY JUDGMENT

Fed. R. Civ. P. 56(a) states that summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact."  Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56(c)).  A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

In determining whether a genuine issue of material fact exists, "[t]he evidence of the non-movant is to be believed" and the court must draw "all justifiable inferences" in favor of the nonmoving party.  Id. at 255 (citing Adickes v. S.H. Kress & Co., 398 U.S. 144, 158–59 (1970)).  Nevertheless, once the moving party has shown that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law, "the nonmoving party must come

5

forward with 'specific facts showing that there is a genuine issue for trial,'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (emphasis in original) (quoting Fed. R. Civ. P. 56(e)), and "may not rely on conclusory allegations or unsubstantiated speculation," F.D.I.C. v. Great Am. Ins. Co., 607 F.3d 288, 292 (2d Cir. 2010) (citation and internal quotation marks omitted). In other words, the nonmovant must offer "concrete evidence from which a reasonable juror could return a verdict in his favor." Anderson, 477 U.S. at 256. Where "the nonmoving party bears the burden of proof at trial, summary judgment is warranted if the nonmovant fails to make a showing sufficient to establish the existence of an element essential to [its] case." Nebraska v. Wyoming, 507 U.S. 584, 590 (1993) (alteration in original) (quoting Celotex, 477 U.S. at 322) (internal quotation marks omitted). Thus, "[a] defendant moving for summary judgment must prevail if the plaintiff fails to come forward with enough evidence to create a genuine factual issue to be tried with respect to an element essential to its case." Allen v. Cuomo, 100 F.3d 253, 258 (2d Cir. 1996) (citing Anderson, 477 U.S. at 247–48).

III.   DISCUSSION

To establish a prima facie case of negligence under New York law (which the parties agree applies to this case), "'a plaintiff must demonstrate (1) a duty owed by the defendant to the plaintiff, (2) a breach thereof, and (3) injury proximately resulting therefrom.'" Lerner v. Fleet Bank, N.A., 459 F.3d 273, 286 (2d Cir. 2006) (quoting Solomon ex rel. Solomon v. City of N.Y., 66 N.Y.2d 1026, 1027 (1985)); accord Keating v. Town of Burke, 86 A.D.3d 660, 660–61 (3d Dep't 2011). Here, Target owed a duty "to maintain its property in a reasonably safe condition in view of all the circumstances, including the likelihood of injury to third parties, the potential seriousness of the injury and the burden of avoiding the risk." Naughright v. Weiss, 826 F. Supp. 2d 676, 692 (S.D.N.Y. 2011) (citing Basso v. Miller, 40 N.Y.2d 233, 241 (1976)); accord

Henderson v. Waldbaums, 149 A.D.2d 461, 462 (2d Dep't 1989) ("It is . . . the duty of a storekeeper to prevent any obstruction to its customers in the aisles of its store.") (citation omitted). Castellanos's sworn statements that she saw the plastic display sign on the ground after she slipped, see Castellanos Dep. at 41:3–4; Castellanos Aff. at 1, are sufficient at the summary judgment phase to establish that a hazardous condition existed, see Cousin v. White Castle Sys., Inc., 2009 WL 1955555, at *6 (E.D.N.Y. July 6, 2009).

The mere presence of a hazardous condition, however, does not equate to a breach of the duty of care. See Casierra v. Target Corp., 2010 WL 2793778, at *2 (E.D.N.Y. July 12, 2010); Segretti v. Shorenstein Co., E., 256 A.D.2d 234, 234 (1st Dep't 1998) ("The mere existence of a foreign substance, without more, is insufficient to support a claim of negligence.") (citations omitted). Instead, to establish a prima facie case of negligence on the part of a property owner, a plaintiff must show that "the defendant breached its duty in that it 'created the condition which caused the accident or that the defendant had actual or constructive notice of the condition.'" Touri v. Zhagui, 2010 WL 779335, at *3 (S.D.N.Y. Mar. 5, 2010) (quoting Bradish v. Tank Tech. Corp., 216 A.D.2d 505, 506 (2d Dep't 1995)); accord Anderson v. Weinberg, 70 A.D.3d 1438, 1439 (4th Dep't 2010) (citing cases).

Target argues that is entitled to summary judgment in its favor because Castellanos has failed to present a triable issue of fact concerning whether Target created or had actual or constructive notice of the dangerous condition. See Def. Mem. at 9–12; Reply at 1–6. In response, Castellanos contends that there is sufficient evidence showing that Target had either actual or constructive notice. Pl. Mem. at 7–9. Noting that Target placed a display sign on every clothing rack and that no display sign was visible on the clothing rack in the vicinity of the incident in the surveillance video, Castellanos argues that a reasonable inference can be made

7

that the sign was on the ground for at least 25 minutes prior to her fall and that the hazard was visible and apparent to Target's employees. Id.; Pl. 56.1 Stat. ¶ 8.

    A.    Actual Notice

To prove actual notice, plaintiff must present proof that "'defendants were, in fact, aware of the dangerous condition.'" Sanchez v. Pathmark Stores, Inc., 2010 WL 1191633, at *2 (S.D.N.Y.) (quoting Quarles v. Columbia Sussex Corp., 997 F. Supp. 327, 332 (E.D.N.Y. 1998)), adopted, 2010 WL 1191451 (S.D.N.Y. Mar. 26, 2010). "Defendant is aware of a dangerous condition if it has either created the condition or has received reports or complaints [from others] about the condition . . . ." Buskey v. Boston Mkt. Corp., 2006 WL 2527826, at *6 (E.D.N.Y. Aug. 14, 2006) (citation omitted). Where the danger arises from a combination of conditions, actual notice requires that defendant have notice of each of the conditions. Id. (citing Wisner v. United States, 154 F.R.D. 39, 45 (N.D.N.Y. 1994)).

Here, Castellanos has failed to raise a triable issue of fact concerning whether Target had actual knowledge that the plastic display sign was on the ground. There is no suggestion that a Target employee created the hazard or observed the display sign on the ground prior to the incident. Indeed, the surveillance video shows numerous employees walking through the precise area in which Castellanos fell without any indication that they noticed an obstacle on the ground. See, e.g., Video at 3:49:04 p.m., 3:50:51 p.m., 4:00:14 p.m., 4:04:07 p.m. Nor is there evidence that customers reported or complained to staff about the display sign being on the ground. Accordingly, Castellanos has failed to raise a triable issue of fact concerning actual notice. See Buskey, 2006 WL 2527826, at *6 (actual notice not established when defendant neither observed nor received reports about dangerous condition); Quarles, 997 F. Supp. at 332 ("There is no evidence suggesting that [defendant], or its employees, were aware of the [dangerous condition],

8

and therefore the defendant[] did not have actual notice of the condition."); Matcovsky v. Days Hotel, 10 A.D.3d 557, 558 (1st Dep't 2004) ("The complaint should have been dismissed for lack of evidence that defendants received any complaints or otherwise acquired actual notice of the alleged [hazard].").

    B.    Constructive Notice

"To constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it." Gordon v. Am. Museum of Natural History, 67 N.Y.2d 836, 837 (1986); accord Taylor v. United States, 121 F.3d 86, 90 (2d Cir. 1997); Krawec v. Kiewit Constructors Inc., 2013 WL 1104414, at *9 (S.D.N.Y. Mar. 1, 2013). "In constructive notice cases, the plaintiff must prove not simply that the defendant was generally aware of the existence of the dangerous condition, but that the defendant had notice of the 'particular condition' at issue."[2] Taylor, 121 F.3d at 90 (citing cases). Constructive notice arises when the defendant should have known of the defect as a result of the condition's "'manifest nature and the length of time [the condition] was in existence prior to the accident.'" Ginsburg v. Consol. Edison Co. of N.Y., Inc., 2007 WL 414821, at *2 (S.D.N.Y. Jan. 31, 2007) (alteration in original) (quoting Schiano v. TGI Friday's, Inc., 205 A.D.2d 407, 407 (1st Dep't 1994)).

Constructive notice can be proven through circumstantial evidence, such as "the circumstances surrounding the injury and the condition of the premises." Touri, 2010 WL

---

[2] Alternatively, "[a] plaintiff can establish constructive notice through evidence that the defendant was aware of an ongoing and recurring unsafe condition which regularly went unaddressed." Mazerbo v. Murphy, 52 A.D.3d 1064, 1066 (3d Dep't) (citation and internal quotation marks omitted), appeal dismissed, 11 N.Y.3d 770 (2008). Here, Castellanos has neither argued nor presented evidence that plastic display signs falling on the ground was a recurring danger in the store.

779335, at *3 (citation omitted); accord Casierra, 2010 WL 2793778, at *2 (summary judgment often overcome "by producing circumstantial evidence that the defective condition existed for a period of time before the accident").  Evidence from which a jury could reasonably draw an inference that the condition was visible and apparent and had been there long enough for the defendant to reasonably discover is sufficient to overcome summary judgment.  See Negri v. Stop & Shop, Inc., 65 N.Y.2d 625, 626 (1985) (denying summary judgment because circumstances of injury suggested that the condition was visible and had been there long enough to discover); see also Torres v. United States, 2010 WL 5422547, at *5 (S.D.N.Y. Dec. 23, 2010) ("Absent direct proof, courts generally look at the condition of the substance as circumstantial evidence that the substance was present for a sufficient length of time to charge the owner with constructive notice.").  However, summary judgment in favor of the defendant is appropriate where the plaintiff offers nothing but mere speculation that the defendant had notice of the condition.  See Doona v. OneSource Holdings, Inc., 680 F. Supp. 2d 394, 404 (E.D.N.Y. 2010) (summary judgment appropriate where plaintiff's theory of notice based "on speculation and conjecture far removed from fact") (citing cases); Gordon, 67 N.Y.2d at 838 (without evidence to the contrary, the dangerous condition "could have been . . . there only minutes or seconds before the accident and any other conclusion would be pure speculation"); Mueller v. Hannaford Bros. Co., 276 A.D.2d 819, 819 (3d Dep't 2000) ("[M]ere conclusions based upon surmise, conjecture, speculation or assertions are without probative value.") (citations and internal quotation marks omitted).

      Here, Castellanos has not raised a triable issue of fact with respect to constructive notice.  Specifically, she has presented no evidence that the dangerous condition was "visible and apparent."  Castellanos testified that the display was "somewhere between see-through and

white" in color, Castellanos Dep. at 40:24–41:2, contained no sign in it, id. at 43:21–23, and that the floor was "light colored," id. at 37:10–15. Castellanos and Lopez both testified that they did not see the plastic display prior to Castellanos falling on the ground. Id. at 41:3–4; Castellanos Aff. at 1; Lopez Dep. at 13:19–14:4. No other witness has stated that they saw the plastic display sign at any point. Nor does the video suggest that any of the dozens of customers or employees that walked through the area in the 25 minutes prior to the accident — many of whom were pushing shopping carts — were impeded in any way by a plastic display on the ground. None of them even appear to look at the portion of the ground where the accident occurred.

Castellanos argues that a reasonable jury could conclude that the defect was visible and apparent to Target's employees because they should have noticed that the display sign was missing from clothing rack and looked for it on the ground. June 27 Letter at 2. Castellanos is essentially arguing that any time that a sign was absent from a display rack, Target was alerted that the sign was possibly on the floor. The Court rejects this argument as Castellanos has provided no evidence that the mere lack of a sign at a clothing rack at the Target store would have meant that the sign was located on the ground near that rack. There are countless reasons that a display sign could be missing from a clothing rack. Most obviously, an employee could have removed the plastic display to change the sign in it. Because Castellanos's argument is founded solely on speculation, a reasonable jury could not conclude that the fact that a clothing rack lacked a display sign should have alerted Target that there was a sign located on the floor.

In sum, Castellanos's failure to present any evidence other than speculation that the plastic display sign was visible and apparent to Target's employees is fatal to her claim of constructive notice. See, e.g., Schwarz v. FedEx Kinko's Office, 2009 WL 3459217, at *13 (S.D.N.Y. Oct. 27, 2009) (granting summary judgment for defendant when plaintiffs failed to

present any evidence that condition was visible and apparent); Richards v. Pathmark Stores, Inc., 2008 WL 3165582, at *7 (S.D.N.Y. Aug. 6, 2008) (same); Lamela v. City of N.Y., 560 F. Supp. 2d 214, 223 (E.D.N.Y. 2008) (same), aff'd, 332 F. App'x 682 (2d Cir. 2009); Pinnock v. Kmart Corp., 2005 WL 3555433, at *3 (S.D.N.Y. Dec. 29, 2005) ("Plaintiff has not shown that the hanger was visible and apparent . . . ."); Fay v. Bass Hotels & Resorts, Inc., 2003 WL 21738967, at *4 (S.D.N.Y. July 28, 2003) ("Plaintiffs fail to present any facts showing [the dangerous condition] — which they allege was on the floor and caused [one of the plaintiffs] to slip — was 'visible and apparent.'"); Walker v. United States, 1998 WL 299928, at *2 (S.D.N.Y. June 8, 1998) (finding defect not visible and apparent where "plaintiff herself concedes that she did not see anything on the floor before she slipped").

Citing to Moss v. Capital District Regional Off-Track Betting Corp., 90 A.D.3d 1379, 1381 (3d Dep't 2011), among other cases, Castellanos argues that "in order to establish prima facie entitlement for judgment based on lack of notice, the movant must submit evidence regarding the last specific inspections of the accident location and can not rely solely on its practice and procedure." June 27 Letter at 2 (emphasis omitted).  Castellanos is correct that on summary judgment in a slip-and-fall case, New York courts require a defendant arguing lack of notice to present evidence that it neither created nor had notice of the dangerous condition. See, e.g., Totten v. Cumberland Farms, Inc., 57 A.D.3d 653, 654 (2d Dep't 2008).  However, because the evidentiary burden that the parties bear in a summary judgment motion is procedural, the federal standard controls here.  See Smith v. Target Corp., 2012 WL 5876599, at *12 (N.D.N.Y. Nov. 20, 2012).  Thus, case law recognizes that New York's burden-shifting standard requiring defendant to provide proof of absence of notice does not apply in a federal diversity case.  See Painchault v. Target Corp., 2011 WL 4344150, at *3 (E.D.N.Y. 2011) (citing Tenay v. Culinary

Teachers Ass'n of Hyde Park, 281 F. App'x 11, 12–13 (2d Cir. 2008)). Accordingly, Target's failure to present detailed evidence concerning its inspections of the premises does not preclude summary judgment, as the initial burden rests with the plaintiff to raise a triable question of fact that the defendant created or had notice of the dangerous condition.

Because Castellanos has not carried her burden to establish that Target either created or had actual or constructive notice of the hazardous condition, she cannot prevail on her claim of negligence.

## IV. CONCLUSION

For the foregoing reasons, Target's motion for summary judgment (Docket # 18) is granted. The complaint is dismissed. The Clerk is requested to enter judgment accordingly and to close this case.

SO ORDERED.

Dated: August 7, 2013
New York, New York

GABRIEL W. GORENSTEIN
United States Magistrate Judge